UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN DOE, an individual; et al.,

    Plaintiffs-Appellants,

v.

SAN DIEGO UNIFIED SCHOOL DISTRICT; et al.,

    Defendants-Appellees.

No. 21-56259

D.C. No. 3:21-cv-01809-CAB-LL
Southern District of California,
San Diego

ORDER

Before: BERZON, IKUTA, and BENNETT, Circuit Judges.

Order by Judges BERZON and BENNETT, Partial Dissent by Judge IKUTA.

Appellants' opposed emergency motion for an injunction pending appeal (Docket Entry No. 5) is granted in part. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The injunction shall be in effect only while a "per se" deferral of vaccination is available to pregnant students under San Diego Unified School District's COVID-19 vaccination mandate. The injunction shall terminate upon removal of the "per se" deferral option for pregnant students.

The panel is issuing this order today in an abundance of caution because the plaintiffs have represented, without contradiction from the defendants, that tomorrow, November 29, 2021, is the last date on which students sixteen and over must obtain their first vaccination dose to avoid restriction to independent study

beginning in January 2022.

       Written dispositions explaining the panel members' conclusions will follow shortly.

IKUTA, Circuit Judge, concurring in part and dissenting in part:

I concur in granting Doe's emergency motion for an injunction pending appeal. But I would keep the injunction in effect until the San Diego Unified School District ceases to treat any students (not just pregnant students) seeking relief from the vaccination mandate for secular reasons more favorably than students seeking relief for religious reasons, because any unvaccinated student attending in-person classes poses the same risk to the school district's interest in ensuring a safe school environment. *See Tandon v. Newsom*, 141 S. Ct. 1294, 1296 (2021) (holding that strict scrutiny applies when government regulations "treat any comparable secular activity more favorably than religious exercise," and that "[c]omparability is concerned with the risks various activities pose" to the government's interest) (citing *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67–68 (2020)).